**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fitness Together Franchise Corporation, | No. CV-09-0890-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Higher Level Health and Fitness, Inc.; Joseph Riccardi, | |
| Defendants. | |

The court has before it "Plaintiff's Application for Entry of Default Judgment and Permanent Injunction Against Defendants" (doc. 18), defendants' letter in response to the motion (doc. 20), and plaintiff's reply (doc. 22).

Plaintiff Fitness Together Franchise Corporation ("Fitness Together") alleges that it "has developed a unique and proprietary business method for the operation of businesses that offer one-on-one personal fitness training," known as the "Fitness Together Franchise System." Complaint ¶ 8. Defendants entered into a franchise agreement with Fitness Together on January 9, 2006 ("Franchise Agreement"), which contained a covenant not to compete within an eight-mile radius for a period of one year following the termination of the franchise agreement. The Agreement was terminated on January 9, 2009. Complaint ¶ 22.

Fitness Together filed its complaint on April 28, 2009, alleging that defendants have breached the Franchise Agreement by continuing to offer competitive personal fitness services, and by utilizing the Fitness Together Franchise System and proprietary assets. Defendants failed to answer or otherwise respond to the complaint and default was entered by the clerk of the court on June 16, 2009. Fitness Together then filed its application for entry of default judgment and permanent injunction. Defendant Joseph Riccardi filed a letter in response to the application for default judgment, stating that he currently offers "class and group training" at his new location, as well as "a few individual one on one session[s]" (doc. 20 at 2).

After an entry of default, we may grant default judgment pursuant to Rule 55(b)(2), Fed. R. Civ. P. In exercising our discretion under Rule 55(b)(2), we may consider the possibility of prejudice to the plaintiff, the merits of the claims, the sufficiency of the complaint, the amount of money at stake, if any, the possibility of a dispute of material facts, whether default was due to excusable neglect, and the policy favoring a decision on the merits. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).

The Eitel factors weigh in favor of a default judgment in this case. Plaintiff will likely be without other recourse in the absence of a default judgment. The complaint states a claim for relief under the notice pleading standards, and the factual allegations of the complaint are taken as true once default is entered. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Given the sufficiency of the complaint and defendants' default, no genuine dispute of material facts would preclude granting the present motion. Plaintiff does not seek monetary damages, but injunctive relief only. Defendants were properly served and offer no explanation for their failure to respond. The failure to respond makes a decision on the merits impracticable. Because these factors weigh in favor of default judgment, it is ordered granting Fitness Together's application for entry of default judgment (doc.18).

Plaintiff's application for entry of permanent injunction is also granted, but only to the extent that it enjoins defendants' activities involving one-on-one personal fitness training. A non-compete clause is unreasonable and unenforceable if it is broader than necessary to

protect the legitimate interests of the covenantee. Gann v. Morris, 122 Ariz. 517, 519, 596 P.2d 43, 45 (Ct. App. 1979). A restriction is reasonable where it is limited "to the kind and character of the business sold." Id. at 518, 596 P.2d at 44. Because Fitness Together describes its unique and proprietary business method as "one-on-one personal fitness training," the injunction is reasonable only to the extent that it restricts activities involving one-on-one personal fitness training. Therefore, a permanent injunction is granted as follows:

    a. For a period of one year from the date of the termination of the Franchise Agreement, defendants may not establish, assist, consult with, participate in, or be employed by any enterprise that is or plans to be engaged in the Territory (as defined in the Franchise Agreement and the Riccardi Addendum) or within an eight mile radius of the boundaries of the Territory, in offering personal fitness training sessions, meetings, workshops, or other programs, or selling educational materials, involving marketing and selling fitness training, that is the same as, similar to, or competitive with the subject matter of Fitness Together programs or materials which defendants were entitled to sell pursuant to the Franchise Agreement. This injunction is limited to activities involving one-on-one personal fitness training.

    b. Defendants are prohibited from any unauthorized use of the Fitness Together Franchise System or the Proprietary Assets.

    c. Defendants, their agents, servants, and employees, and those persons in active concert or participation with them who received actual notice of this permanent injunction, by personal service or otherwise, are ordered to return all confidential and proprietary information belonging to Fitness Together within twenty days of this order.

    d. Defendants shall file with the court and serve upon plaintiff's counsel within thirty days of this order a written report, under oath, setting forth in detail the manner in which they have complied with this injunction and order.

**IT IS ORDERED GRANTING** plaintiff's motion for default judgment and permanent injunction as set forth above (doc. 18), and **DENYING** plaintiff's motion for preliminary injunction as moot (doc. 3).

DATED this 27th day of August, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge